E-FILED
Wednesday, 23 February, 2005   09:14:17 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>REVERE LAMAR MCGHEE,<br><br>Defendant | CASE NO. 04-40006<br><br>**FILED**<br><br>FEB 2 2 2005<br><br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |

### ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION

THIS MATTER having come before the Court on February 11, 2005, upon a motion by the Defendant for psychological evaluation, the Defendant appearing in person and by defense counsel Jack A. Schwartz & Matthew W. Durbin, the Government appearing by Assistant United States Attorney Sara Darrow, and the Court being otherwise fully advised in the premises;

THE COURT ORDERS pursuant to 18 U.S.C.§§ 4241(a) and (b), 4242 and 4247(b) and (c), that the Defendant be committed to the custody of the Attorney General for a reasonable period, not to exceed thirty (30) days, during which a psychiatric or psychological examination shall be conducted upon the Defendant. Such examination, which shall be conducted at a suitable facility closes to the Court and pursuant to 18 U.S.C. § 4247(b), shall determine whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to properly assist in his defense.

Such examination shall also determine whether, pursuant to 18 U.S.C. § 17(a), at the time of the commission of the acts alleged in the Indictment filed January 21, 2004, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

IT IS FURTHER ORDERED that a psychiatric or psychological report be prepared by the examiner designated by the Attorney General to conduct the psychiatric or psychological examination, and that such report be filed with the Court, with copies to be provided to defense counsel and the Assistant United States Attorney assigned to this case.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3161(h)(1)(A) and (F), the delay resulting from these proceedings to determine the mental competency of the Defendant, being the time of the filing of the motion for competency hearing through the conclusion of the hearing on the disposition of the motion, including the period during which the psychiatric or psychological examination is completed and the report is filed, shall be excluded in computing the time in which any trial in this case must commence. Furthermore, pursuant to 18 U.S.C. § 3161(h)(8)(A), this Court finds that the ends of justice served by the psychiatric or psychological examination of the Defendant outweigh the best interests of the public and the Defendant in a speedy trial in this matter.

IT IS SO ORDERED.

2/22, 2005.

S/Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge