E-FILED
Thursday, 21 February, 2008  09:15:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTICT COURT

FOR THE CENTRAL DISTICT OF ILLINOIS

FILED
FEB 21 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

VS.

REVERE LAMAR MCGHEE,

        Defendant,

Case No. 04-4006

---

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582 ( c ) ( 2 ), And
28 U.S.C    994 (o)

---

COMES NOW, REVERE LAMAR MCGHEE, the undersigned, and respectfully Moves the court for modification on his term of imprisonment imposed upon him on September 16, 2005, pursuant to 18 U.S.C. 3582 ( c ) ( 2 ) based on Title 28 U.S.C 994 of the United States Sentencing Commission lowering of the Sentencing Guidelines Range ( " GSR" ) hereafter, section 2D1. ( c ) ( 1 ) - ( 12 ), U.S.S.G., and Title 21, U.S.C.   841 ( b ) ( 1) ( A ), ( B ). REVERE LAMAR MCHGEE states as follows:

PRELININARY STATEMENT

The defendant REVERE LAMAR MCHGEE was sentence to the United States Sentencing Commission's 100-to-1 drug quantity ratio because it concluded that crack Cocaine was more dangerous that powder cocaine and therefore warranted higher

Penalties. The sentencing court adopted the Commission's " five important 'beliefs' " And agreed to Congress's rationale for selecting the 100-to-1 for sentencing purposes Pursuant to 18 U.S.C. 3553 ( a ) ( A-C ) ( iii ) ; 21 U.S.C. 841 ( b ) of Controlled Substances Act. See also Anti - Drug Abuse Act of 1986, Pub.L. No. 99-570, 100 Stat. 3207 ( codified as amended at 21 U.S.C. 841 (b) ).

The Sentencing Commission has [ now ] determined and lowered the Guidelines Sentencing Range ("GSR") and promulgated such amendments to guidelines to conform to those guideline-ranges made by the Act ( s ) (2007) which makes him eligible for a Reduction of his term of imprisonment to which he is statutorily entitled.

## STATEMENT OF FACTS

1. September 16, 2004, the Honorable Judge Michael Mihm, District Court Judge for the Central district of Illinois, sentenced the movant to a term of imprisonment of 156 months, upon his conviction(s) of 21 U.S.C. 841 (a), for crack cocaine trafficking offense(s), in <u>United States v. REVERE LAMAR MCGHEE,</u> Crimianl NO. 13267-026.

2. REVERE LAMAR MCGHEE has been in custody in connection with this Offense(s) since June 9, 2004.

3. 18 U.S.C. 3582 ( c ) ( 2 ) provides that " a defendant who has been sentenced to a term of imprisonment based of a sentence range that has subsequently been lowered by the Sentencing Commission " may motion the Court for reduction of sentence.

4. Under 3582 (c ) ( 2 ), " upon motion of the defendant, ... the court may Reduce the term of imprisonment, after considering the factors set forth in section 3553 (a ) such reduction is consistant with policy statements issued by the Sentencing Commission. " See also, section 994 (o ) , ( s ) ( 1 ) ( 3 ).

5. The district court had assessed REVERE LAMAR MCGHEE's sentence According to 18 U.S.C. 3553 ( a ) ( 1 ) - ( 3 ) to reflect a Guidelines Sentencing Range of 120 months under the Sentencing Commissions's 100 to 1 drug quantity ration under Section 2D1 . 1. (c ) ( [     ] ) . SRA, Pub. L. 98 - 473, Title II, sec. 21 . <u>See also</u> Cocaine & Federal Sentencing Policy, 2002 Anti-Drug Abuse Act of 1986, Pub.L. 99-570.

6. The Bureau of Prisons ( "BOP" ) hereafter, has calculated Revere Lamar Mcghee's sentence according to Program Statement 5580.28 to project a release date of

August 28, 2013.

    7. Were Revere Lamar Mchee's offense/s, conduct/s, drug -quantity/s and Guidelines Sentencing Range under real - facts s shown in both the " Powder-Crack Penalty Equalization Act of 2007" by Rep Barlett, in H.R. 79, 110th Cong. (2007) and the " "Crack- Cocaine Equitable Sentencing Act of Rep. Rangel, in H.R. 460, 110TH Cong.; see also, S. 3725, 109TH Cong. (2006), Drug Sentencing Reform Act. Of ( 2006), the Objectives of the 1986 Act, along with the five-listed sustantive concerns…would have Determined a different outcome in the occurences.

REVERE LAMAR MCGHEE, having been sentenced to a term of imprisonment of 156 months under the Commission's 100:1 ratio and under the Guildlenes mandatory Scheme, is entitled to a reduced term of impisonment pursuant to 28 U.S.C 994 (o) of the Sentencing Commission's newly enacted drug quanity ratio, and/or its new mandatory Mimimum threshold as related to his cocaine offense. See 18 U.S.C.S. 3553 (b)(1), 3742 (e); and 2D1.1(c). Id.

28 U.S.C.S. 994 (p) provides that "as such amendment of modification shall take effect on a date specified by congress, or no later than the first day of November, or if the Congress does not act, automatically shall...pass into law on Novemer first of that Calandar year." December 11, 2007 the act became a law.

REVERE LAMAR MCGHEE is statutorily entitled to a reduced sentence under the now 156 Amended Crack Cocaine Guidelines which lowers his sentence guidelines range, and Base Offense Level because the plain language of the Amended Guidelines now provide that those same quantities of cocaine base will be assigned anew Repectively. See new Drug Quantity Table and drug Equivalency Table in ussg 2D1.1 Recalculate offfense levels to existing offense levels.

18 U.S.C. 3553 (a) provides in pertinent part:

(a) Factors to be considered in imposing a sentence.- the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of the subsection. The court, in determing the particular sentence to be imposed shall consider-

Subsections ( 1 ) through ( 7 ) of this subsection.

Subparagragh ( 1 ) the nature and circumstance of the offense and the history and Chacteristics of the defendant; the defendant sttes that in his case these mitigating factors should be considered now under the "offender function categories.

## CONCLUSION

WHEREFORE, based upon the foregoing United States Sentencing Commission Lowering of the Sentence Guideline Range, and its other changes, the Congressional Objectives, recommendations and the authorities and arguments, this Honorable Court is respectfully urged to reduce, or modify Mr. REVERE LAMAR MCGHEE's sentence in this case which reflect the foregoing new guideline calculation, and for such other and further relief as to the court may seem just and proper, in the interests of justice.

MAY IT PLEASE THE COURT.

RESPECTFULLY SUBMITTED THIS 18th day of February, 2008.

                REVERE LAMAR MCGHEE

                Federal Correctional Institution
                Revere Lamar Mcghee 13267-026
                P. O. 1000
                Oxford, WI 59352

IN THE UNITED STATES DISTICT COURT

FOR THE CENTRAL DISTICT OF ILLINOIS

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 04-4006

VS.

REVERE LAMAR MCGHEE,

           Defendant,

---

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582 ( c ) ( 2 ), And
28 U.S.C   994 (o )

---

COMES NOW, REVERE LAMAR MCGHEE, the undersigned, and respectfully Moves the court for modification on his term of imprisonment imposed upon him on September 16, 2005, pursuant to 18 U.S.C. 3582 ( c ) ( 2 ) based on Title 28 U.S.C 994 of the United States Sentencing Commission lowering of the Sentencing Guidelines Range ( " GSR" ) hereafter, section 2D1. ( c ) ( 1 ) - ( 12 ), U.S.S.G., and Title 21, U.S.C.   841 ( b ) ( 1) ( A ), ( B ). REVERE LAMAR MCHGEE states as follows:

PRELININARY STATEMENT

The defendant REVERE LAMAR MCHGEE was sentence to the United States Sentencing Commission's 100-to-1 drug quantity ratio because it concluded that crack Cocaine was more dangerous that powder cocaine and therefore warranted higher

Penalties. The sentencing court adopted the Commission's " five important 'beliefs' " And agreed to Congress's rationale for selecting the 100-to-1 for sentencing purposes Pursuant to 18 U.S.C. 3553 ( a ) ( A-C ) ( iii ) ; 21 U.S.C. 841 ( b ) of Controlled Substances Act. See also Anti - Drug Abuse Act of 1986, Pub.L. No. 99-570, 100 Stat. 3207 ( codified as amended at 21 U.S.C. 841 (b) ).

The Sentencing Commission has [ now ] determined and lowered the Guidelines Sentencing Range ("GSR") and promulgated such amendments to guidelines to conform to those guideline-ranges made by the Act ( s ) (2007) which makes him eligible for a Reduction of his term of imprisonment to which he is statutorily entitled.

## STATEMENT OF FACTS

1. September 16, 2004, the Honorable Judge Michael Mihm, District Court Judge for the Central district of Illinois, sentenced the movant to a term of imprisonment of 156 months, upon his conviction(s) of 21 U.S.C. 841 (a), for crack cocaine trafficking offense(s), in United States v. REVERE LAMAR MCGHEE, Crimianl NO. 13267-026.

2. REVERE LAMAR MCGHEE has been in custody in connection with this Offense(s) since June 9, 2004.

3. 18 U.S.C. 3582 ( c ) ( 2 ) provides that " a defendant who has been sentenced to a term of imprisonment based of a sentence range that has subsequently been lowered by the Sentencing Commission " may motion the Court for reduction of sentence.

4. Under 3582 (c) ( 2 ), " upon motion of the defendant, ... the court may Reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) such reduction is consistant with policy statements issued by the Sentencing Commission. " See also, section 994 (o), (s) ( 1 ) ( 3 ).

5. The district court had assessed REVERE LAMAR MCGHEE's sentence According to 18 U.S.C. 3553 ( a ) (1) - ( 3 ) to reflect a Guidelines Sentencing Range of 120 months under the Sentencing Commissions's 100 to 1 drug quantity ration under Section 2D1 . 1. (c) ( [   ] ) . SRA, Pub. L. 98 - 473, Title II, sec. 21 . See also Cocaine & Federal Sentencing Policy, 2002 Anti-Drug Abuse Act of 1986, Pub.L. 99-570.

6. The Bureau of Prisons ( "BOP" ) hereafter, has calculated Revere Lamar Mcghee's sentence according to Program Statement 5580.28 to project a release date of

August 28, 2013.

    7. Were Revere Lamar Mchee's offense/s, conduct/s, drug -quantity/s and Guidelines Sentencing Range under real - facts s shown in both the " Powder-Crack Penalty Equalization Act of 2007" by Rep Barlett, in H.R. 79, 110th Cong. (2007) and the " "Crack- Cocaine Equitable Sentencing Act of Rep. Rangel, in H.R. 460, 110TH Cong.; see also, S. 3725, 109TH Cong. (2006), Drug Sentencing Reform Act. Of ( 2006), the Objectives of the 1986 Act, along with the five-listed sustantive concerns…would have Determined a different outcome in the occurences.

REVERE LAMAR MCGHEE, having been sentenced to a term of imprisonment of 156 months under the Commission's 100:1 ratio and under the Guildlenes mandatory Scheme, is entitled to a reduced term of impisonment pursuant to 28 U.S.C 994 (o) of the Sentencing Commission's newly enacted drug quanity ratio, and/or its new mandatory Mimimum threshold as related to his cocaine offense. See 18 U.S.C.S. 3553 (b)(1), 3742 (e); and 2D1.1(c). Id.

28 U.S.C.S. 994 (p) provides that "as such amendment of modification shall take effect on a date specified by congress, or no later than the first day of November, or if the Congress does not act, automatically shall...pass into law on Novemer first of that Calandar year." December 11, 2007 the act became a law.

REVERE LAMAR MCGHEE is statutorily entitled to a reduced sentence under the now 156 Amended Crack Cocaine Guidelines which lowers his sentence guidelines range, and Base Offense Level because the plain language of the Amended Guidelines now provide that those same quantities of cocaine base will be assigned anew Repectively. See new Drug Quantity Table and drug Equivalency Table in ussg 2D1.1 Recalculate offfense levels to existing offense levels.

18 U.S.C. 3553 (a) provides in pertinent part:

(a) Factors to be considered in imposing a sentence.- the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of the subsection. The court, in determing the particular sentence to be imposed shall consider-

Subsections ( 1 ) through ( 7 ) of this subsection.

Subparagragh ( 1 ) the nature and circumstance of the offense and the history and Chacteristics of the defendant; the defendant sttes that in his case these mitigating factors should be considered now under the "offender function categories.

## CONCLUSION

WHEREFORE, based upon the foregoing United States Sentencing Commission Lowering of the Sentence Guideline Range, and its other changes, the Congressional Objectives, recommendations and the authorities and arguments, this Honorable Court is respectfully urged to reduce, or modify Mr. REVERE LAMAR MCGHEE's sentence in this case which reflect the foregoing new guideline calculation, and for such other and further relief as to the court may seem just and proper, in the interests of justice.

MAY IT PLEASE THE COURT.

RESPECTFULLY SUBMITTED THIS 18th day of February, 2008.

REVERE LAMAR MCGHEE

Federal Correctional Institution
Revere Lamar Mcghee 13267-026
P. O. 1000
Oxford, WI 59352