E-FILED
Wednesday, 26 March, 2008 08:52:00 AM
Clerk, U.S. District Court, ILCD

FILED
MAR 26 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 04-4006

VS.

REVERE LAMAR MCGHEE
       Defendant,

---

### MOTION TO AMEND
### MOTION FOR REDUCTION OF SENTENCE
### PURSUANT TO 18 U.S.C. 3582 (c)(2)

---

**COMES NOW** Defendant Revere Lamar Mcghee, Pro Se, moving this Honorable Court for permission to Amend Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582 (c)(2), and in support thereof states as following:

   1. Defendant court appointed counsel filed a Motion To Withdraw from the case before defendant could fully address his entire Motion To Reduce Sentence.

   2. Defendant has additional issues he would like to include in support of the Motion to Reduce Sentence.

   3. United States Sentencing Commission Guidelines Manual Supports Appendix C. **Amendment 709, section 4A1.2 (a)** is amended in the heading by striking "Defined"; and by striking subdivision (2).

   **Wherefore,** Defendant Revere L. McGhee prays this Honorable Court grant this Motion To Amend Motion For Reduction Of Sentence Pursuant to 18 U.S.C. 3582 (c)(2).

## DECLARATION

I, REVERE LAMAR MCGHEE, declare under 28 U.S.C. 1746 that the MOTION TO AMEND MOTION FOR REDUCTION OF SENTENCE is true and correct.

MAY IT PLEASE THE COURT.

RESPECTFULLY SUBMITTED THIS THE 25TH DAY OF MARCH, 2008.

REVERE LAMAR MCGHEE

*Revere L McGhee*

FEDERAL CORRECTIONAL INSTITUTION
REVERE LAMAR NCGHEE 13267-026
P.O. BOX 1000
OXFORD, WI 53952

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 04-4006

VS.

REVERE LAMAR MCGHEE,

        Defendant,

---

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. 3582 ( c ) ( 2 ) AND AMENDMENT 709 U.S.S.G  4A1.2 ( c )

---

    Defendant Revere Lamar Mcghee, herein presents this Memorandum of law in support of Motion for Reduction of Sentence based upon the November 1, 2007 Amendment to the Guidelines and Criminal History Points case law states that the holding of **BOOKER**, must be applied to a defendant who receives a new sentence through a 3582 Motion. In **United States v. Hicks**, 472 F.3d  1167( 9th Cir. 2007 ), the circuit held that because **BOOKER** means that mandatory guideline sentences can no longer exist in any context, the **BOOKER** ruling and the advisory guideline practice must apply to any new sentencing that result from a 3582 Motion:

    While 3582 ( c ) ( 2 ) proceedings do not constitute full re-sentencing, their purpose is to give defendants a new sentence. This re-sentencing while limited in certain respects, still result in the judge calculating a new Guideline Range, considering the 3553 ( a ) factors. and issuing a new sentence based on the guideline. As discussed above, **BOOKER** excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others. Mandatory Guidelines no longer exist in this context or any other. **Hicks** 472 F.3d 1171-7

    Defendant Revere L. Mcghee, qualifies for sentencing reduction because of the November 1, 2007,  Amendment 706, U.S.S.G. 2D1.1 ( c ) and Amendment 709 U.S.S.G. 4A1 ( c ) Supplement to Appendix C. Applied Retroactively and being Clarifying Amendment. **United States v. Anderton**,  136 F.3d  751 (11th Cir. 1993 )

**In.......United States v. Anderton,** 136 F. 3d 747 ( 11th Cir. 1993 ) at 751

[ 8,9 ] "It is now well settled in this circuit that clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments" **United States v. Howard,** 923 F.2d 1500, 1504 (11th Cir. 1991).

Amendment 709, U.S.S.G. 4A1.2 (a) is amended in the heading by striking "Defined" and by striking subdivisions (2) as follows:

"(2) Prior sentences imposed in related cases are to be treated as one sentence for the purpose of 4A1.1 ( a ) ( b ), and ( c ).

The Commentary to 4A1.2 captioned "Application Notes" is amended by striking note 3 as follows:

" (3) <u>Related cases</u> . Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C ) were consolidated for trail or sentencing.

Defendant Revere L. Mcghee was sentenced in Rock Island County, Illinois for Ticket #132889, **IMPROPER TURN AT INTERSECTION 11/26/2002,** Ticket 136463, **DRIVING ON REVOKED LICENSE 11/26/2002.** Both, defendant was sentence 180 days jail time served concurrent. Defendant should only receive 2 Criminal History Points instead of 4.

Defendant Revere L. Mcghee was sentenced in Rock Island County, Illinois for Ticket 119261, **DRIVING ON SUPPENDED LICENSE** 2/19/2002, and Ticket 127623, **DRIVING ON SUSPENDED LICENSE** 2/19/2002. Both, defendant was sentence to 30 days in jail time served concurrent. Defendant should only receive **1 Criminal History Point instead of 2.** See Defendant's **PRE SENTENCING REPORT**

**In...... Kimbrough v. United States,** 169 L. ED. 2d 481 (2007) at 487 ( c ) **Booker** Rendered the Sentencing Guidelines advisory, 543 U.S., at 245 125 S. Ct. 738, 160 L. Ed 2d 621, but preserved a key role for the sentencing commission. In the ordinary case, the Commission's recommendation of a sentence range will "reflect a ROUGH approximation of sentences that might achieve 3553 ( a )'s objectives. "**Rita v. United States,** 551 U.S.____, ____, 127 S. Ct. 2456, 168 L. Ed 2d 203. " **Gall v. United States,** Ante, at ___, 128 S. Ct. ___, 169 L. Ed 2d 445 (internal quotation marks omitted). In light of these discrete institutional strengths, a district court's decision to vary from the Guidelines my attract respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply."

Defendant Revere L. McGhee was sentence upon a Plea Of Guilty to **DISTRIBUTION OF 12.2 GRAMS ( Crack Cocaine),** 10.8 Grams Cocaine Base ( Crack ). Which symbols a low-level drug seller. See United States v. Pruitt, 502 F. 3d 1154, 1168 (10TH Cir. 2007) (McConnell, Jr., concurring) ("This might appear to a admission by Commission that this [ career offender ] violates the overarching commission and of 3553( a ) that [t] he court......impose a sentence sufficient but not greater than necessary, to comply with the purpose set forth in 3553 (a ) ( 2 ).") See United States v. Marshall, 2008 WL 55989 ( 7TH Cir. Jan. 4 2008)

The Commission has recognized that the recidivism rate for offenders who career offender status is based on drug offenses "resembles the rates for offenders in lower criminal history categories in which they would be placed under the normal criminal history scoring rules. " United States Sentencing Commission Fifteen Years of Guideline Sentencing. At 134 (NOV 2004); id. At 133-34 (recognizing that the career offender guideline "makes the criminal history category a less perfect measure of recidivism risk than it would be without the inclusion of offenders qualifying only because of prior offenses, " does not serve a deterrent purpose, and has a disproportionate impact on African Americans).

By recalibrating the crack cocaine quantity thresholds the Commission has created a system in which the ratio of crack to powder cocaine varies widely from one offense level to the next. Even worse, the ratio is often more severe for low-level dealers than it is for Bigger dealers. Below are the new ratios:

| LEVEL | RATIO |
|---|---|
| 38 | 33:1 |
| 36 | 33:1 |
| 34 | 30:1 |
| 32 | 33:1 |
| 28 | 57:1 |
| 24 | 80:1 |
| 22 | 75:1 |
| 20 | 67:1 |
| Lower | 50:1 |

Defendant Revere L. McGhee is asking that this Honorable Court make an independent assessment - under 18 U.S.C. 3553 ( a ) and pursuant to the District Court's duty under **Booker and Rita** - because an advisory guideline range based on a higher ratio Reflects "unsound judgment" on the part of the commission and should not be followed. See **Rita v. United States,** 127 S. Ct. 2465, 2468 (2007) (district court may Conclude that the guideline sentence fails to reflect 3553 (a) considerations, reflects an unsound judgment, does not treat defendant characteristics in proper way, or that a different sentence is appropriate "regardless".); id at 2463 (The presumption is not binding, does not place any burden of persuasion or proof on either party, and does not

reflect greater deference to the Commission's fact finding than to that of the district court, is considering within guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in this particular case, "which is a double determination")

And given light most favorable to the Guideline Amendment 706; U.S.S.G. 2D1.1( c ) and Title 18 U.S.C. 3582 ( c ) (2), which states as follows:

( c ) Modification of an imposed term of imprisonment.____
The court may not modify a term of imprisonment once it has been imposed except that____
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a Reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the present case, the United States Sentencing Commission has amended: **U.S.S.G 2D1.1( c ); Amendment 706 Crack Cocaine. See 72 Fed. Reg. 28, 558, 28, 571-73; U.S.S.G. App C, Supp. Amend 706; U.S.S.G. 2S1.1(2007) New Drug Quantity Table.** In addition to the " Career Criminal", pursuant to the U.S.S.G. 4B1.1 as defined in 4A1.2 <u>Definition and Instructions for Computing Criminal History</u>, and 4A1.3 <u>Departure Based on Inadequacy of Criminal History Category</u> (Policy Statement), Defendant was sentenced to a Base Offense Level of 26 and Criminal History Category of VI and Criminal History Points of 17 for a total sentencing range of 120 - 150 months.

Defendant Revere L. McGhee was sentenced to imprisonment for a term of 156 months. Based upon the **Crack Cocaine Amendment 706; U.S.S.G. 2D1.1( c ).** Base Offense Level should be reduced to 24 and Criminal History Category V and Criminal History Points 12. **See Pre-sentencing Investigation Report**, regarding any and all misdemeanor convictions which should not have been counted but was counted for **Driving Offenses**. At which point all adjustment have become conclusive and the defendant Revere L. McGhee sentence now reflects a total imprisonment term of **92 - 115** months, all Base Offense Levels, Categories and Points are derived from the Pre-Sentence Investigation Report ("PSR").

## CONCLUSION

Wherefore based on the foregoing " Crack Cocaine Amendment 706; U.S.S.G. 2D1.1( c ) and Criminal History Amendment 709; U.S.S.G. 4A1.2 ( c ) and case law, this Honorable Court is respectfully urged to reduce the defendant's sentence and enter a new

judgment in the Criminal Case Reflecting Defendant's sentence and any other and further relief which this Honorable Court deems just and fair.

Respectfully Submitted this the 25th day of March, 2008.

*Rever L McGhee*
REVER L. MCGHEE 13267-026
FEDERAL CORRECTIONAL INSTITUTION
P. O. BOX 1000
OXFORD WI 53952

## CERTIFICATE OF SERVICE

I, REVERE L. MCGHEE, declare under 28 U.S.C. 1746 that the foregoing "DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582 ( c ) ( 2 ) AND AMENDMENT 709; U.S.S.G. 4A1.2 ( c ) was deposited in the out-going internal mailing System on the 25th day of March, 2008. And Forward to the Clerk, United States District Court for the Central District of Illinois, Room 40 Federal Building, 211 19th street, Rock Island, Illinois, 61201

Sincerely,

*Revere L. McGhee*
Revere L. McGhee
Federal Correctional Institution
P. O. Box 100
Oxford, WI 53952