E-FILED
Thursday, 03 April, 2008 02:10:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-40006 |
| ) | |
| REVERE LAMAR McGHEE, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On February 21, 2008, Defendant filed a Motion to Reduce Sentence based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Federal Defender's Office was appointed to represent Defendant in this matter, but subsequently was allowed to withdraw after concluding that Defendant is ineligible for the reduction because he was sentenced as a Career Offender. Defendant was then given 28 days to file a pleading that either (a) conceded that the Amendment does not apply, or (b) explained why the Amendment applies in spite of the sentence as a Career Offender. Defendant has now filed his response, and this Order follows.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

> pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 comment n. [1(A)].

In his response, Defendant makes no attempt to challenge his ineligibility for reduction as a result of his being sentenced as a Career Offender. Rather, he seeks leave to amend his motion to add a claim that he should also be resentenced based on Amendment 709, § 4A1.2(a). Resentencings pursuant to the retroactive amendment to the guideline range for crack cocaine were not intended to reopen a Defendant's ability to challenge a variety of other sentencing issues, and the limited opportunity granted to Defendant to explain why Amendment 706 applies in spite of the sentence as a career offender did not authorize him to essentially file a § 2255-like pleading contesting other issues not related to the crack cocaine amendment. Moreover, even if Defendant had been allowed to broaden the scope of his challenge, he would not be successful as the change made in Amendment 709 is not retroactive and cannot be applied to him.

Here, Amendment 706 would not have the effect of lowering Defendant's applicable guideline range because he was sentenced as a Career Offender. Accordingly, it was the Career Offender guideline and not the crack cocaine guideline

that determined his guideline range.  As such, a reduction pursuant to the retroactive Amendment to the sentencing guideline range regarding crack cocaine would not result in any change to Defendant's sentence, and his Motion to Reduce Sentence [#37] and Motion to Amend Motion for Reduction of Sentence are therefore DENIED.  Defendant's Motion for Appointment of Counsel [#43] "to represent and litigate a Rule 35 Motion" is also denied, as a Rule 35 Motion can only be brought by the Government in its discretion.

ENTERED this 3rd day of April, 2008.

                                                              s/ Michael M. Mihm
                                                              Michael M. Mihm
                                           United States District Judge