UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-cr-40006 |
| ) | |
| REVERE MCGHEE, ) | |
| ) | |
| Defendant. ) | |

# ORDER AND OPINION

Now before the Court is Defendant's Motion (Doc. 54) to Terminate Supervised Release. The United States filed a Response (Doc. 57). For the reasons that follow, Defendant's Motion is DENIED.

On September 20, 2005, Defendant was sentenced to 156 months in prison and 8 years of supervised release. Defendant's supervised release began on October 3, 2014 and is currently set to expire on October 3, 2022. 18 U.S.C. § 3583(e)(1) allows the Court to terminate supervised release after Defendant has completed one year of supervised release, if the Court is satisfied that such action is warranted. In this case, the Court is not satisfied that such action is warranted.

First, the Defendant already received consideration at sentencing, when the Court departed from the guideline range of 262–327 months and sentenced Defendant to 156 months. Second, he has failed to submit to random drug testing on 18 separate occasions. He also tested positive for marijuana on March 28, 2017. He successfully completed drug treatment on November 30, 2017 and appears to have been violation-free since April 2017.

Defendant appears to be working towards a successful completion of his supervised release term. As such, the Court would entertain another Motion in October 2020, when Defendant will presumably have gone nearly three years without a violation. However, for now,

it appears the supervised release conditions may be part of the reason he has been successful, and therefore continued supervision would be beneficial.

Defendant's Motion (Doc. 54) to Terminate Supervised Release is therefore DENIED.

Signed on this 8th day of March, 2019.

/s James E. Shadid
James E. Shadid
Chief United States District Judge